# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY RICHARDSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner, Social Security )<br>Administration )<br>)<br>Defendant. ) | No. 05-0621-CV-W-FJG-SSA |

# ORDER

Currently pending before the Court is plaintiff's petition seeking disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401. (Doc. # 15).

## I. BACKGROUND

On July 11, 2002, at the age of 35, plaintiff filed an application for disability insurance benefits, alleging an onset date of October 1, 2001. His application was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). After a hearing, the ALJ on April 6, 2005 issued a decision finding that plaintiff was not under a "disability" as defined in the Social Security Act. On June 22, 2005, the Appeals Council for the Social Security Administration denied plaintiff's request for review. Plaintiff then filed the instant action with this Court on August 15, 2005. However, the Appeals Council, after further review, determined that the case should be remanded for further consideration. On December 13, 2005, this Court remanded the case, so that an administrative law judge could perform a proper drug

addiction and alcoholism analysis. Plaintiff had a second hearing before another Administrative Law Judge on May 3, 2006. On May 24, 2006, the ALJ issued an unfavorable decision. The Commissioner then filed the administrative record with this Court along with its Answer in September 2006. Thus, the May 24, 2006 decision of the ALJ stands as the final decision of the Commissioner.

## II. STANDARD

> The standard for judicial review of an ALJ's denial of benefits is as follows: We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side.

Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

## III. DISCUSSION

Plaintiff's counsel argues that the ALJ did not apply the correct legal standard to assess plaintiff's residual functional capacity and that the ALJ also did not consider plaintiff's mental impairment as a severe restriction on plaintiff's ability to perform medium exertional work. Finally, plaintiff argues that the ALJ erred because the hypothetical question posed to the vocational expert did not include his mental

2

impairments.

After reading the parties' briefs, the administrative record and the two opinions of the ALJs, the Court is concerned because there are a number of factual errors in the second ALJ's opinion. In the very first paragraph, the ALJ states that the Appeals Council denied plaintiff's request for review and that plaintiff then filed an appeal to the United States District Court for the District of Kansas. This is obviously incorrect, as this Court is located in the Western District of *Missouri*. Additionally, the ALJ makes no mention of the fact that it was the Appeals Council which reconsidered its earlier decision and that the case was remanded at the request of the Commissioner. However, even more troubling are the factual errors contained in the opinion. On page five of the opinion, the ALJ states as follows:

> Thus, the undersigned finds that the claimant cannot perform any of his past relevant work. The undersigned also finds, based upon the testimony of the vocational expert, that the claimant has no transferable skills from his past relevant work.
>
> However, on page six of the opinion, the ALJ then states:
>
> For the pertinent period in this case, the claimant's age classification changed from "younger individual" to "closely approaching advanced age." The claimant has obtained a General Equivalency Degree (GED) and has also obtained some specialized training as a welder. The claimant also has transferable skills from his past work.
>
> However, under the "Findings," portion of the opinion on page seven, the ALJ

states:

> ¶ 8. For the pertinent period in this case, the claimant's age classification is that of a "younger individual."
>
> ¶9. The claimant has more than a high school education and no transferable skill from his past relevant work.

3

It is obvious from reading the above portions of the opinion that it is internally inconsistent. Additionally, some of the information is also completely incorrect. For example, plaintiff testified that his date of birth is March 25, 1967. (Administrative Record p. 120). On the date of the decision in 2006, the plaintiff would have been 39 years old. According to the Social Security Regulations, an individual is considered to be a "younger individual" if they are under age 50. A person is considered to be "closely approaching advanced age" if they are between the ages of 50-54. See 20 C.F.R. § 404.1563 (c), (d). Thus, the portion of the opinion where the ALJ states that the plaintiff's age classification has changed is incorrect. Additionally, the plaintiff testified in the hearing that he graduated from high school. (Administrative Record, p. 120). When asked if he had taken any vocational classes, the plaintiff responded that he had not. (Administrative Record, p. 120). Plaintiff never testified that he had any training as a welder. When the ALJ asked the Vocational Expert if the plaintiff had any transferrable skills, she responded that he did not. (Administrative Record, p. 147).

The Court is concerned with the number of errors and mistakes contained in the ALJ's opinion. The Court is even more troubled that neither counsel for the plaintiff nor counsel for the Commissioner caught these errors or felt compelled to mention them in their briefs.

In Renaudette v. Astrue, 482 F.Supp.2d 121 (D.Mass 2007), the Court considered a similar situation. The ALJ's opinion in that case also contained factual inaccuracies and errors. The Court stated:

> These factual inaccuracies are troubling, but alone may not be sufficient to establish error. Far more disturbing are certain other aspects of the ALJ's decision. Several paragraphs appear to be boilerplate, cut

4

and pasted from another decision. While that practice in and of itself may
not be objectionable, in this instance it raises considerable doubt as to
whether the ALJ in fact gave Renaudette's case fair consideration.

Id. at 130.

The Court in that case determined:

the ALJ's decision is riddled with factual errors and misstatements. The
cumulative effect of these mistakes undermines any confidence either that
the plaintiff's case has been fully and fairly considered or that the ALJ's
decision was supported by substantial evidence. In light of the 'number of
unanswered and troubling questions', this case must be remanded to the
Commissioner in order to reopen and review Renaudette's disability claim.
See Guzman Diaz v. Secretary of Health, Education and Welfare, 613
F.2d 1194, 1200 (1st Cir. 1980).

Id. at 132.

In Sarchet v. Chater, 78 F.3d 305 (7th Cir. 1996), the Court stated:

   The system of judicial review reposes substantial discretion in the first-
line tribunal with regard to issues of fact and the application of law to fact.
When the decision of that tribunal on matters of fact is unreliable because
of serious mistakes or omissions, the reviewing court must reverse unless
satisfied that no reasonable trier of fact could have come to a different
conclusion, in which event a remand would be pointless.

Id. at 308-09.

In the instant case, the Court finds that there were serious mistakes made in the

ALJ's decision. These mistakes show that the ALJ's decision was not supported by

substantial evidence on the record. Accordingly, the Court hereby **ORDERS** that the

decision of the ALJ is hereby **REVERSED** and this case is **REMANDED** to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Date: 7/25/07                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                      Chief United States District Judge