# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-0621-CV-W-FJG-SSA |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

### I. BACKGROUND

Currently pending before this court is plaintiff's Amended application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. # 22). Plaintiff's counsel has requested that the Court award attorney fees in the amount of $6,703.00 which includes 41.25 attorney hours at the rate of $162.50 per hour.

Defendant objects to an award of attorney fees in this case and asks that the Court either deny the application or alternatively reduce the amount awarded. Defendant states that the application should be denied because the position of the Commissioner was substantially justified. Additionally, defendant states that if any fees are awarded, they should be made payable to plaintiff.

### II. STANDARD

A plaintiff is entitled to EAJA fees if the Commissioner's position was not "substantially justified." Johnson v. Barnhart, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, *1 (W.D.Mo. Jan. 13, 2004). "The Secretary bears the burden of proving the denial of benefits was substantially justified. . . . The standard is whether the Secretary's

position is clearly reasonable, well founded in law *and fact*, solid though not necessarily correct." Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003)(internal citations and quotations omitted).

28 U.S.C. § 2412(b) provides in part:

[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(d)(2)(A) further provides that:

'fees and other expenses' includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee).

### III. DISCUSSION

Defendant argues first that plaintiff's application for attorney fees should be denied because the record at the time of the ALJ's decision was such that a reasonable person could have agreed with the Commissioner that Plaintiff was not disabled under the Act. The Court does not agree. As was noted in the Order remanding this case, the ALJ's opinion contained a number of factual errors and was internally inconsistent. Thus, the Court does not find that the Secretary's position was well founded in fact. Accordingly, the Court finds that an award of attorney fees is appropriate, but does agree with the Government that the amount of those fees should be reduced.

Plaintiff's counsel billed a total of 41.25 hours for reviewing this file. This included

2

entries of 1.5 hours for preparing a one page Motion for Leave to Proceed in forma Pauperis, 1.00 hour for preparation of a two page Complaint, 1.5 hours for consultation with prior counsel regarding the second administrative hearing, 4.0 hours to review the Administrative Record, 22.00 hours to research and draft the plaintiff's twenty-six page brief, and 2.5 hours to prepare the EAJA fee application. Additionally, the Court notes that plaintiff's counsel billed his time in fifteen minute increments for very routine tasks including: reviewing and preparing motions for extension of time, reviewing brief orders and reviewing the answer. Plaintiff's counsel states in his Affidavit that he has practiced Social Security Disability law for ten years and has handled over 1,000 Administrative Hearings. He states that "[d]ue to my experience in the area of handling Social Security Claims, I think I am able to handle such cases as this in a more efficient manner than the average attorney." Billing in fifteen minute increments for routine tasks has repeatedly been found to be excessive. See Seba v. Barnhart, No. 00-4157-CV-C-SOW-SSA-ECF (W.D.Mo. Sept. 26, 2002). If counsel were as efficient as he claims, these tasks could have been accomplished in a much shorter time frame. A court has discretion to reduce the amount of a fee award based on the substance of an attorney's representation. In Kramer v. Apfel, 57 F.Supp.2d 774 (S.D.Iowa 1999), plaintiff requested an award of $5,665.15, based on 41.1 attorney hours at the rate of $131.92, and $243.24 for costs. The Court however found the request unreasonable and noted that "[a]lthough the attorney's work in this case was valuable to the client, the issues were not novel or complex, and the hours counsel claims appear excessive." Id. at 775. The court noted that "[b]ased on this court's experience, the usual time claimed in cases involving issues that are not particularly complex or novel, such as the instant case, is

3

fifteen (15) to twenty (20) hours." Id. See also, Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir. 1991)(per curiam)(attorney hours reduced due to excessive hours for preparation of routine letters, form complaint, and motion for summary judgment which contained "canned material"); Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)(court reduced number of attorney hours due to excessive preparation time). After reviewing the itemized listing of services submitted by plaintiff's counsel, the Court is convinced that a portion of counsel's time is excessive. As noted previously, even though plaintiff's counsel claims to be highly efficient, a number of entries were billed in quarter hour increments even though the tasks were quite routine. Additionally, plaintiff's counsel billed 22.00 hours for researching and writing plaintiff's brief. However, the brief itself is only 26 pages in length, contains a substantial amount of boilerplate law and the argument section is only seven pages in length and addresses only two issues. Additionally, plaintiff's counsel has claimed 2.0 hours for reviewing defendant's brief which is only 11 pages in length. Thus, the Court finds that the time billed by plaintiff's counsel to be excessive in light of the relatively straightforward nature of the case and the fact that the arguments raised are neither novel or complex. Accordingly, the total number of hours claimed by plaintiff's counsel in his EAJA application will be reduced by fifty percent to 20.5 hours, which is within the guideline range of 15 to 20 hours suggested by the court in Kramer v. Apfel for cases which do not involve novel or complex issues.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that plaintiff shall be awarded attorney fees

4

in the amount of $ 3,331.25, which represents 20.5 hours of attorney time at the rate of $162.50.00 per hour.  The award shall be made payable to plaintiff as the prevailing party.


Date: 9/12/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

5